*E-FILED 09-09-2010*

RICHARD DOYLE, City Attorney (88625)
NORA FRIMANN, Assistant City Attorney (93249)
MICHAEL R. GROVES, Sr. Deputy City Attorney (85620)
RICHARD D. NORTH, Deputy City Attorney (225617)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE;
OFFICER BRIAN PETTIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BENSON,<br><br>     Plaintiff,<br><br>  v.<br><br>CITY OF SAN JOSE, a public entity, OFFICER BRIAN PETTIS, an individual, and DOES 1-100, inclusive,<br><br>     Defendants. | Case Number:  C09-05772 LHK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(MODIFIED BY THE COURT)** |

**1.	PURPOSES AND LIMITATIONS**

  Defendants in this action will produce records generated by the San Jose Police Internal Affairs Department ("IA Records") containing confidential and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

**2.	DEFINITIONS**

  **2.1	Receiving Party**: John Benson.

  **2.2	Producing Party / Designating Party**: the City of San Jose and Officer Brian Pettis.

1

STIPULATED PROTECTIVE ORDER                 C09-05772 LHK
689869

1   **2.3**   **Protected Material**: the IA Records.

2   **2.4**   **Outside Counsel**: attorneys who are not employees of a Party but who are
3   retained to represent or advise a Party in this action.

4   **2.5**   **Expert**: a person with specialized knowledge or experience in a matter
5   pertinent to the litigation who has been retained by a Party or its counsel to serve as an
6   expert witness or as a consultant in this action and who is not a past or a current employee
7   of a Party or of a competitor of a Party's and who, at the time of retention, is not
8   anticipated to become an employee of a Party or a competitor of a Party's. This definition
9   includes a professional jury or trial consultant retained in connection with this litigation.

10  **3.   SCOPE**

11  The protections conferred by this Stipulated Protective Order covers the Protected
12  Material (as defined above) as well as any information copied or extracted therefrom, as
13  well as all copies, excerpts, summaries, or compilations thereof, plus testimony,
14  conversations, or presentations by parties or counsel to or in court or in other settings that
15  might reveal Protected Material.

16  **4.   DURATION**

17  Even after the termination of this litigation, the obligations imposed by this Order
18  shall remain in effect until the Designating Party agrees otherwise in writing or a court
19  order otherwise directs. **For a period of six months after the final termination of this action, this court will retain jurisdiction to enforce the terms of this order.**
20  **5.   DESIGNATING PROTECTED MATERIAL**

21  **5.2**   **Manner and Timing of Designations**.

22  (a)   The Producing Party shall clearly designate the Protected Material as subject
23  to this Stipulated Protective Order by marking the Protected Material with the designation
24  "Confidential" before the material is disclosed or produced.

25  (b)   Where the Protected Material is offered into evidence in deposition or in
26  other pretrial proceedings, the Party sponsoring the evidence shall identify on the record
27  that the Protected Material is confidential and subject to this Stipulated Protective Order.
28  Transcript pages containing Protected Material must be separately bound by the court

reporter, who must affix to the top of each such page the legend "Confidential", as instructed by the Party sponsoring the evidence.

**5.3  Inadvertent Failures to Designate**.  If timely corrected, an inadvertent failure to designate Protected Material as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If Protected Material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 6.  ACCESS TO AND USE OF PROTECTED MATERIAL

**6.1  Basic Principles**.  Receiving Party may use the Protected Material only for prosecuting or attempting to settle this litigation.  The Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

**6.2  Disclosure of "CONFIDENTIAL" Information or Items**.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)  Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   the Court and its personnel, including court reporters;

(d)   the author of the document or the original source of the information.

**7.   SUBPOENA OF PROTECTED MATERIAL.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any documents or information designated in this action as "Confidential", the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or

4

persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 9. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

### 10. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, the Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

### 11. MISCELLANEOUS

**11.1 Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**11.2 Right to Assert Other Objections**. By stipulating to the entry of this Stipulated Protective Order neither the Designating Party nor the Receiving Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, neither the Designating Party nor the Receiving Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.   NO APPLICATION TO TRIAL**

The stipulations of this Protective Order do not apply in any way to the trial of this action.  Use of the Protected Material at trial will be subject to any stipulations the parties may enter into or orders the Court may issue.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  September 7, 2010          LAW OFFICES OF ALLEN RUBY

                                   By ___/s/ Allen Ruby_____
                                          ALLEN RUBY

                                   Attorneys for Plaintiff JOHN BENSON


DATED:  September 7, 2010          RICHARD DOYLE, City Attorney

                                   By ___/s/ Richard D. North_____
                                          RICHARD D. NORTH
                                          Deputy City Attorney

                                   Attorneys for Defendants CITY OF SAN JOSÉ and OFFICER BRIAN PETTIS

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

I affirm that Plaintiff's counsel has consented to the electronic filing of this document on Plaintiff's behalf.

DATED: September 7, 2010        RICHARD DOYLE, City Attorney

By  /s/ Richard D. North
    RICHARD D. NORTH
    Deputy City Attorney

Attorneys for Defendants CITY OF SAN JOSÉ and OFFICER BRIAN PETTIS

**AS MODIFIED BY THE COURT,**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: September 9, 2010

THE HONORABLE ~~LUCY H. KOH~~ HOWARD R. LLOYD
UNITED STATES ~~DISTRICT COURT~~
MAGISTRATE JUDGE

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Benson v. City of San Jose, et al.* (C09-05772 LHK).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____